UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 14-07634-AB (PLAx) | Date: | December 5, 2014 |
|---|---|---|---|

| Title: | Macario Garcia v. County of Los Angeles et al. |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR. |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] Order DENYING in Part and GRANTING in Part Defendants' Motion to Dismiss, and DENYING as Moot Defendants' Motion to Strike**

On October 1, 2014, Plaintiff Marcario Garcia initiated the instant lawsuit, alleging violations of his constitutional rights regarding two incidents of alleged excessive force. (Dkt. No. 1.) Before this Court is the Motion to Dismiss (Dkt. No. 12) and the Motion to Strike (Dkt. No. 13) filed by Defendants County of Los Angeles, Los Angeles Sheriff's Department, Deputy Micah Weinreb, and Deputy Marcopolo Chavez on October 29, 2014. (Dkt. Nos. 12-13.) Plaintiff filed opposition briefs (Dkt. Nos. 15-16), and Defendants filed reply briefs. (Dkt. Nos. 17-18.)

The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Having considered the materials submitted by the parties, and for the reasons indicated below, Defendants' Motion to Dismiss (Dkt. No. 13) is **DENIED** in part and **GRANTED** in part, and Plaintiff's complaint is dismissed without prejudice. Defendants' Motion to Strike (Dkt. No. 12) is **DENIED** as Moot.

I.    FACTUAL BACKGROUND

This action arises from allegations of two incidents of excessive force while Plaintiff was incarcerated at the Los Angeles County Men's Central Jail ("Central Jail"). Plaintiff's factual allegations are as follows:

Plaintiff has been incarcerated since September 25, 2010.  (Compl. ¶ 3.)  On October 19, 2010, Plaintiff was taken in an inmate transport bus from Central Jail to a courthouse in Pasadena for a judicial hearing.  (*Id*. at ¶¶ 14-15.)  While being transported to Pasadena, Plaintiff alleges that defendants Deputies Gonzalez, Farjardo, Rodriguez, and Ledesma severely beat Plaintiff.[1]  (*Id*.)  Upon exiting the inmate transport bus in Pasadena, defendant Deputy Ledesma removed Plaintiff's handcuffs, searched him, and then re-handcuffed him.  (*Id*. ¶ 15.)  Plaintiff alleges that immediately thereafter, defendants Deputies Gonzalez, Farjardo, Rodriguez, and Ledesma again beat Plaintiff, a result of which Plaintiff was taken to Huntington Memorial Hospital in Pasadena.[2]  (*Id*.)  While at Huntington Memorial Hospital, an ophthalmologist examined Plaintiff and ordered that he be taken to Los Angeles County / USC hospital.  (*Id*. at ¶ 16.)  Defendants failed to comply with that order, a result of which caused Plaintiff to suffer permanent vision loss in his right eye.  (*Id*.)  These events are hereinafter referred to as the "October 2010" incident.

Plaintiff further alleges that on July 22, 2011, while at Central Jail, defendants Deputies Chavez and Weinreb beat Plaintiff while he was handcuffed.[3]  (*Id*. at ¶ 17.)  As a result of the beating, Plaintiff suffered a fractured collarbone and vertebrae and other physical injuries.  (*Id*. at ¶ 17.)  This event is hereinafter referred to as the "July 2011" incident.   Plaintiff alleges that defendants Deputies Chavez and Weinreb then filed a false incident report, which led to charges being filed against Plaintiff.  (*Id*. at ¶ 18.)  The charges have since been dropped.  (*Id*.)

Plaintiff's complaint asserts three claims for relief pursuant to 42 U.S.C. § 1983:

- Violation of constitutional right to be free from unreasonable searches, seizures, and uses of excessive force

---

[1]  A review of the docket shows that defendants Deputies Gonzalez, Farjardo, Rodriguez, and Ledesma have not been served, and they are not parties to the instant motions to dismiss and strike.

[2]  It is unclear whether Plaintiff was beaten immediately outside of the inmate transport bus, in the Pasadena courthouse lock-up facility, or both.  *See* Compl. ¶ 15.

[3]  Plaintiff collectively refers to Defendants Deputies Chavez, Weinreb, Gonzalez, Farjardo, Rodriguez, and Ledesma as "Sheriff Deputy Defendants" in his complaint.

- Failure to intervene to prevent civil rights violations; and

- Supervisorial liability for violation of constitutional rights.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Federal Rule of Civil Procedure ("Rule") 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must also be "plausible on its face," allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Under Rule 12, a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on the motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

### B. Motion to Strike

Rule 12(f) empowers the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Id*.

## III. DISCUSSION

The grounds for Defendants' motion to dismiss are two-fold: first, that Plaintiff failed to exhaust his administrative remedies; and second, that Plaintiff failed to state claims for relief with respect to the three substantive causes of action.

For the reasons discussed below, the Court cannot find that Plaintiff failed to exhaust all available administrative remedies, and Defendants' motion to dismiss is **DENIED** on that ground. However, the Court finds that, with respect to his three substantive causes of action, Plaintiff has failed to state claims for relief. Accordingly,

Defendants' motion to dismiss is **GRANTED**, and Plaintiff's complaint is dismissed without prejudice.

### A.      Failure to Exhaust Administrative Remedies

#### 1.      Requirement that prisoners exhaust all administrative remedies under Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all administrative remedies available to them before filing a complaint in federal court. 42 U.S.C. § 1997(e)(a). In order to exhaust a claim under the PLRA, an inmate must "describe the problem and the action requested." *McCollum v. Cal. Dept. of Corr. & Rehab.*, 647 F.3d 870, 876 (9th Cir. 2011). A prisoner complies with an institution's administrative procedures under the statute where a grievance "alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). "To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations." *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010). Exhaustion of "all *available* remedies" is "mandatory" as a precondition to filing a civil action. *Woodford v. Ngo,* 548 U.S. 81, 85 (2006) (emphasis added) (internal quotations omitted); *see also Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005). To be "available," a remedy must be available "as a practical matter," *i.e.*, it must be "capable of use [and] at hand." *Id*. at 937 (quoting *Brown v. Croak*, 312 F.3d 109, 113 (3d Cir. 2002)).

#### 2.      Plaintiff's 2012 lawsuit regarding the July 2011 incident

In May 2012, Plaintiff filed a complaint in federal court, asserting causes of action against defendants Deputies Chavez and Weinreb, the Los Angeles Sheriff's Department, and the County of Los Angeles. *See Garcia v. Deputy Micah Weinreb et al*, 8:12-cv-00824-AB (MRWx). The event underlying the 2012 complaint is the same July 2011 incident alleged in Plaintiff's operative complaint in this action. (*see* 8:12-cv-00824-AB, Dkt. No. 1.) In reviewing the defendants' motion to dismiss in the 2012 litigation, Magistrate Judge Wilner issued the following recommendation:

> The defense presented sufficient proof – uncontroverted, due to Plaintiff's failure to file any opposition materials – to establish that Plaintiff did not fully exhaust his grievances against the Sheriff's Department or the deputies before filing this action. The defense presented a declaration from an employee at Twin Towers with personal knowledge of the inmate grievance system and records. According to the agency's records, Plaintiff filed a grievance form with jail authorities shortly after the alleged [2011] incident underlying the [2012] complaint. Plaintiff apparently received an initial, adverse ruling from the agency. However, according to the jail's records,

> Plaintiff "never appealed the denial" to senior levels within the agency as required by jail regulations and procedures. "Accordingly, a final decision from the Director[']s level was never issued due to plaintiff's failure to proceed" to the following stages of the administrative review process.
>
> Defendants adequately established that Plaintiff failed to meet the procedural prerequisites to filing this civil action. Plaintiff offered no opposition or documentation to counter that showing. As a result, the Court finds that Plaintiff failed to exhaust his administrative remedies before bringing this federal action. Under the PLRA, the action must be dismissed on this basis.

(8:12-cv-00824-AB, Dkt. No. 49 (citations omitted).) District Court Judge Andrew Guilford accepted the report and recommendation from Magistrate Judge Wilner and entered judgment in favor of the defendants, dismissing Plaintiff's complaint without prejudice. (8:12-cv-00824-AB, Dkt. Nos. 52-53.) In denying Plaintiff's untimely motion with respect to Magistrate Judge Wilner's report and recommendation, Judge Guilford held:

> Plaintiff fails to refute the merits of the defense claim [of failure to exhaust administrative remedies]. Plaintiff acknowledges that he initially filed a grievance with the Sheriff's Department regarding his alleged beatings by deputies while in custody. However, he <u>admits</u> that he failed to pursue his grievance to higher administrative levels within the jail before filing his federal action. Plaintiff contends he was not informed about this requirement.
>
> An inmate's "subjective awareness of an administrative remedy" is not "sufficient to excuse exhaustion." *Albino v. Baca*, 697 F.3d 1023, 1029 (9th Cir. 2012). In the absence of affirmative proof "(1) that jail staff affirmatively interfered with his ability to exhaust administrative remedies or (2) that the remedies were unknowable," a prisoner must fully and in good faith comply with a legitimate administrative grievance system before filing a federal civil action.FN1
>
> FN1: Notably, the *Albino* decision involved an inmate housed at the same Los Angeles County jail facility [Central Jail] as Plaintiff. The Sheriff's Department grievance procedure that the Ninth Circuit analyzed – and found to be available to inmates – is the same as the one involved in Plaintiff's circumstance [the July 2011 incident].

(8:12-cv-00824-AB, Dkt. No. 51 (citations to the record omitted).)

### 3. Impact of judicial findings in 2012 lawsuit on instant motion

Defendants contend that "Plaintiff's failure to exhaust administrative remedies regarding the 2011 incident has already been decided," (Mot. to Dismiss at 16 (citing 8:12-cv-00824-AB, Dkt. No. 51)) and argue that defendant Deputies Chavez and Weinreb should be dismissed because "Plaintiff's Complaint offers no allegation or evidence that Plaintiff made any attempt to complete the required steps of the grievance procedure for the 2011 incident."[4] (Mot. to Dismiss at 17.) This argument is unpersuasive. As an initial matter, Judge Guilford dismissed Plaintiff's 2012 lawsuit without prejudice. "[A] dismissal without prejudice is not a decision on the merits" for the purposes of res judicata." *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008) (citing *Weinberg v. Whatcom County*, 241 F.3d 746, 750 (9th Cir. 2001)). Accordingly, the issues decided in Judge Guilford's rulings are not precluded from relitigation pursuant to the doctrine of collateral estoppel. *See Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (articulating the legal standard for and implications of collateral estoppel).

Separately, the Court notes that Judge Guilford relied on the reasoning of *Albino v. Baca*, 697 F.3d 1023, 1035 (9th Cir. 2012) ("*Albino 2012*"), which has since been reversed on a re-hearing *en banc*. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("*Albino 2014*"), *cert. denied sub nom. Scott v. Albino*, 135 S. Ct. 403 (2014). In reversing its earlier decision, the Ninth Circuit in *Albino 2014* clarified that the issues of exhaustion must be decided on summary judgment, not a motion to dismiss:

> [A]n unenumerated motion under Rule 12(b) is not the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA. *See* 42 U.S.C. § 1997e(a). To the extent evidence in the record permits, the appropriate device is a motion for summary judgment under Rule 56. If summary judgment is not appropriate, the district judge may decide disputed questions of fact in a preliminary proceeding.

*Id.* at 1168. To be clear, because exhaustion is an affirmative defense that a defendant must plead and prove, "a plaintiff is *not* required to say *anything* about exhaustion in his

---

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, a district court may take judicial notice of the facts that are not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid 201(b), (c). Accordingly, the Court takes judicial notice – per Defendants' request – of the orders and judgment in the 2012 lawsuit, which are attached at docket entry no. 13-1, Declaration of Elvin Tabah, ¶¶ 4-7, Exhibits A-D.

complaint." *Id*. at 1169 (emphasis added). Accordingly, it is a "rare" case where a prisoner's failure to exhaust is clear from the face of the complaint. *Id*.

After clarifying the appropriate procedural remedy, the Ninth Circuit reversed the district court's entry of summary judgment for the defendants and *sua sponte* entered summary judgment for Albino because "there were no available administrative remedies at [Central Jail] within the meaning of the PRLA, and [] he therefore satisfied § 1997e(a)'s exhaustion requirement." *Id*. at 1166. In doing so, the Court relied on the following evidence:

- Central Jail has a personnel manual, which describes the complaint process but it is not "available, or even known, to the prisoners."

- Complaint forms are available only if a prisoner knows to request them.

- Prisoners have access to locked complaint boxes, but there is nothing to "indicate that the boxes have anything written on them to signify their purpose, or that prisoners are otherwise advised of their purpose or location."

- Written complaints can be given directly to staff, "but there is nothing in the record to indicate that inmates are told that a complaint must be in writing in order to be considered.

- Albino was never given any orientation at the jail, during which he could have been informed of a complaint process; he never saw the jail's personnel manual, a complaint box, or a complaint form; he repeatedly sought, and was denied, help from prison staff regarding his request to be placed in protective custody, and instead, staff members repeatedly told Albino that he should seek relief by talking to his criminal defense attorney.

*Id*. at 1175-76. Viewing the evidence in the light most favorable to Albino, the Ninth Circuit held "as a matter of law that defendants [] failed to carry their initial burden of proving their affirmative defense that there was an *available* administrative remedy that Albino failed to exhaust." *Id*. at 1176. The Ninth Circuit then *sua sponte* directed summary judgment in favor of Albino on that issue. *Id*. In light of the analysis in *Albino 2014* and Plaintiff's contention that he was not informed of the appeal requirement (*see* 8:12-cv-00824-AB, Dkt. No. 51 at 2), the Court cannot, on the record before it, find that Plaintiff failed to exhaust all available administrative remedies. Accordingly, Defendants' Motion to Dismiss is **DENIED** on the issue of exhaustion.

### B. Failure to state a claim on substantive causes of action

Plaintiff brings each of his three causes of action under 42 U.S.C. § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). With this standard in mind, the Court now addresses Defendants' arguments regarding Plaintiff's substantive causes of action.

#### 1. Violations of Fourth Amendment, as against Sheriff Deputy Defendants (first cause of action)

With respect to the first cause of action, Plaintiff alleges that, "at all relevant times," he had the Fourth Amendment right to be free from unreasonable searches, seizures, and use of force, and the Sheriff Deputy Defendants violated Plaintiff's Fourth Amendment rights by "unlawfully and unreasonably beating him while he was handcuffed without justification." (Compl. ¶¶ 23-24.) Plaintiff further alleges that the Sheriff Deputy Defendants acted under the color of law with intent to deprive Plaintiff of his constitutional rights, and they acted with either actual malice, deliberate indifference, or a reckless disregard of his rights under the Constitution. (*Id.* at ¶¶ 23, 25-26.)

Defendants offer several reasons for why this claim should be dismissed. First, they argue that Plaintiff was a prisoner at the time of the 2011 incident and therefore the Eighth Amendment, not the Fourth Amendment, governs his claim regarding excessive force. (Mot. to Dismiss at 11.) Second, Defendants argue that Plaintiff's complaint asserts "conclusory allegations" and therefore fails to meet the pleading standard under Rule 8(a). (*Id.* at 12; Reply ISO Mot. to Dismiss at 8-9.)

Where a plaintiff asserts a section 1983 claim of excessive force, the governing constitutional standard depends on the plaintiff's status at the time of the underlying incident. The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners, and the "core judicial inquiry is . . . whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Fourteenth Amendment protects pretrial detainees from uses of force that amount to punishment. *See Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002); *Bell*

*v. Wolfish*, 441 U.S. 520, 535–39 (1979). In resolving claims of excessive force brought by pretrial detainees, the Fourth Amendment sets the applicable constitutional limits. *See Gibson*, 290 F.3d at 1187, 1197. However, the Fourth Amendment protects only arrestees, *i.e.*, those who allege excessive force that occurred before or during an arrest or apprehension. *See Fontana v. Haskin*, 262 F.3d 871, 882 (9th Cir. 2001).

It is unclear from the face of Plaintiff's complaint whether he was a pretrial detainee or a prisoner at the time of the October 2010 and July 2011 incidents. Either way, it is doubtful that he was an un-arraigned arrestee. Plaintiff's papers concede as much. (Opp. to Mot. to Dismiss at 10.) In his opposition brief, Plaintiff argues that the first cause of action for Fourth Amendment violations should not be dismissed *because* the Fourth Amendment reasonableness standard governs a Fourteenth Amendment claim brought by a pretrial detainee. (*Id*. at 8-10 (citing cases).) This argument is unpersuasive. The fact that courts may borrow a Fourth Amendment standard in analyzing a Fourteenth Amendment claim does not change the fact that pretrial detainees and/or convicted prisoners have no excessive-force claims under the Fourth Amendment. To the extent cases cited by Plaintiff involve "inmates" who brought claims under the Fourth Amendment, those cases involve force used within hours of an arrest and, apparently, before the inmates had been arraigned. *See, e.g.*, *Lolli v. County of Orange*, 351 F.3d 410 (9th Cir. 2003). Therefore, those cases are distinguishable on the facts. Because Plaintiff cannot state an excessive-force claim under the Fourth Amendment, Plaintiff's first cause of action is dismissed without prejudice.

Additionally – even if Plaintiff had properly alleged the appropriate Fourteenth and/or Eighth Amendment claim(s) – the Court also finds that the complaint fails to state a cause of action because Plaintiff provides no factual basis about the circumstances surrounding the October 2010 and July 2011 incidents that would suggest constitutional violations. For example, Plaintiff does not allege what (if anything) led to the incident, whether the Sheriff Deputy Defendants gave any reasons for their actions, or whether Plaintiff or someone else posed a threat to the officers or others. *See Gibson*, 290 F.3d at 1198 (citing factors to consider in determining whether a plaintiff has proven excessive force). Rather, Plaintiff's allegations amount to "formulaic recitation of the elements," which are insufficient to withstand a motion under Rule 12(b)(6). *Twombly*, 550 U.S. at 555. While there is no checklist of circumstances that a plaintiff must allege to overcome a 12(b)(6) challenge, *some* context is required. Plaintiff will have the opportunity to provide such context in an amended complaint, if he chooses to file one.

If Plaintiff opts to file an amended complaint, he should clarify on the face of the complaint his status (pretrial detainee or convicted prisoner) at the time of each incident. Also, it would helpful if Plaintiff separated out his causes of action for the October 2010 incident, on the one hand, and the July 2011 incident, on the other hand.

### 2. Failure to intervene, as against Sheriff Deputy Defendants (second cause of action)

With respect to the second cause of action, Plaintiff alleges that Sheriff Deputy Defendants were present during the October 2010 and July 2011 incidents; they were in a position of authority to lawfully intervene and prevent the beating of Plaintiff; they had ample and reasonable time to intervene; and with deliberate indifference to Plaintiff's constitutional rights, they refrained from intervening.   (Compl. ¶¶ 32-36.)

The failure to intervene can support an excessive force claim where a bystander officer had a realistic opportunity to intervene but failed to do so.   *Lolli*, 351 F.3d at 418; *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995); *see also Motley v. Parks*, 383 F.3d 1058, 1071 (9th Cir. 2004) (neither officers who participated in the harassing search nor officers who failed to intervene and stop the harassing search were entitled to qualified immunity).   Defendant argues that Plaintiff's second cause of action should be dismissed because (1) Plaintiff offers only "formulaic recitations" of the elements, and (2) it is "incompatible" with the first cause of action, in that a defendant cannot both participate in excess force and fail to intervene.   (Mot. to Dismiss at 13.)

Defendants' argument regarding the consistency of Plaintiff's allegations is without merit.   Rule 8 makes clear that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones," and "[a] party may state as many separate claims or defenses as it has, regardless of consistency."   Fed. R. Civ. P. 8(d)(2)-(3).   However, the Court finds that Plaintiff fails to state a claim for failure to intervene because of the factual shortcomings in his allegations of excessive force (discussed above).   The Court also agrees with Defendants that Plaintiff's allegations amount to "formulaic recitations" of the elements.   Again, while there is no checklist of allegations for a plaintiff to adequately state a claim for failure to intervene, Plaintiff needs to provide some factual context to his allegations.   Accordingly, Plaintiff's second cause of action is dismissed without prejudice.

### 3. Supervisor liability (third cause of action)

Plaintiff's third cause of action alleges violations of his Fourth and Fourteenth amendment rights, as against DOES 6 through 10, who are defined as "persons within the Los Angeles County Sheriff's Department and employees, agents and representatives of the County of Los Angeles charged with implementation of the 'Board of Rights' ("BOR") procedures, all of whom are sued in both their personal and official capacity."   (Compl. ¶ 7.)   Plaintiff then alleges that DOES 6 through 10 are aware that beatings are common at Central Jail; they are aware of the "customs, practices, and propensities of [the Sheriff Deputy Defendants]" to engage in unlawful conduct; they encouraged, facilitated, and condoned such conduct; and they failed to supervise the Sheriff Deputy

Defendants with respect to the alleged October 2010 and July 2011 incidents. (Compl. ¶¶ 41-43.)

Plaintiff's third cause of action has several problems. First, while the complaint on its face does not allege a cause of action against the County and Sheriff's Department, Plaintiff brings allegations against DOES 6 through 10 in "both their personal and official capacity." (Compl. ¶ 7.) The U.S. Supreme Court has held:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The Court will separately address Plaintiff official- and personal-capacity allegations, in turn.

### a.     Official-capacity allegations

In light of *Kentucky v. Graham*, Plaintiff's official-capacity allegations are essentially allegations against the County and the Sheriff's Department. While municipalities (counties and cities) may be sued for constitutional violations under section 1983, departments and bureaus *within those municipalities* (*e.g.*, police or sheriff's departments) are not considered "persons" within the meaning of the statute. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") Accordingly, any cause of action against the Los Angeles Sheriff's Department is dismissed with prejudice.

To the extent Plaintiff asserts a cause of action against the County, Plaintiff must allege that the County "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978)); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (en banc). The policy can be one of action or inaction. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "To impose liability against a county for its failure to act, a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights. *Id*. (citing *Gibson*, 290 F.3d at 1193-94). Here, Plaintiff has alleged that the County (through the individuals who make up the

"Board of Rights") was aware of and encouraged unlawful practices by deputies and failed to supervise them with respect to the incidents at issue. The Court finds Plaintiff's allegations regarding "Board of Rights" members to be irrelevant to his purported claim for *Monell* municipality liability based on excessive force.[5] Additionally, Plaintiff fails to allege any policy, much less a specific policy, implemented by the County that was the "moving force [in the alleged] constitutional violation." *Galen.*, 477 F.3d at 667. To the extent Plaintiff relies on the October 2010 and July 2011 incidents to establish a "policy" under *Monell*, these are not enough. "A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989). Accordingly, the Court dismisses without prejudice Plaintiff's third cause of action as against the County of Los Angeles.

### b. Personal-capacity allegations

To assert a section 1983 claim against someone in their personal capacity, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Liability may <u>not</u> be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 676-77; *Ewing*, 588 F.3d at 1235. Specifically, supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations about the individuals who make up the "Board of Rights" (if such individuals exist) have no apparent connection to any supervisor who may have participated in or directed violations, or knew of the violations and failed to prevent them. Accordingly, the Court dismisses without prejudice Plaintiff's third cause of action as against individual County employees sued in their personal capacity.

---

[5] As an aside, the Court is not aware of any "Board of Rights" operated by the County of Los Angeles or the Sheriff's Department. The Court wonders if Plaintiff is confusing a County Board of Rights with the more well-known Los Angeles Police Department Board of Rights, which investigates complaints and allegations against city peace officers.

### C. Motion to Strike

The Court is dismissing Plaintiff's complaint in its entirety, and therefore Defendants' Motion to Strike (Dkt. No. 12) is **DENIED** as moot. Because the complaint is dismissed without prejudice, however, the Court will briefly address the parties' arguments addressed in this motion.

For the reasons stated above regarding the Court's ruling on exhaustion of administrative remedies, Defendants' motion to strike reference to Plaintiff's exhaustion of administrative remedies is without merit. Defendants' motion to strike references to excessive force violations of Plaintiff's Fourth Amendment rights <u>do</u> have merit to the extent that Plaintiff asserts he had such rights as a pretrial detainee and/or convicted prisoner. With respect to Plaintiff's allegations about the false report following the July 2011 incident and Plaintiff's purported loss of liberty and freedom as a result thereof (Compl. ¶¶ 18, 27-28), those allegations are irrelevant to allegations of excessive force. Additionally, they would not provide Plaintiff with an independent avenue of relief because Plaintiff was already incarcerated when the false report was allegedly filed and during the pendency of those related charges. *See Young v. Wolfe*, 2012 WL 6012836, at *2 (C.D. Cal. Dec. 3, 2012) ("An already incarcerated prisoner cannot suffer a Fourth Amendment deprivation of liberty.") (citing cases).

## IV. DEFENDANTS' VIOLATION OF LOCAL RULE 7-3

The Court finds that Defendants violated Local Rule 7-3 when they notified Plaintiff's counsel of their intent to file the instant motions at 2:34 a.m. on the morning the motions were filed. Such conduct is unacceptable. In the future, Defendants are **ORDERED** to fully comply with Local Rule 7-3. Failure to do so will result in the Court striking the document seeking Court relief.

## V. CONCLUSION

In light of the Ninth Circuit's 2014 decision in *Albino*, the Court cannot find that Plaintiff failed to exhaust all available administrative remedies at this point in the litigation, and Defendants' Motion to Dismiss on the issue of exhaustion is **DENIED**. However, for the reasons indicated above, the Court finds that Plaintiff has failed to state claims with respect to his three substantive causes of action. Accordingly:

- Defendants' Motion to Dismiss (Dkt. No. 13) is **GRANTED;**

- The Los Angeles Sheriff's Department is **DISMISSED** as a party <u>with prejudice</u>.

- Plaintiff's complaint is **DISMISSED** <u>without prejudice</u>.

- Defendants' Motion to Strike (Dkt. No. 12) is denied as **MOOT**.

Plaintiff has <u>thirty days from the date of this Order</u> to file an amended complaint. If he chooses to file an amended complaint, Plaintiff should keep in mind the analyses provided above.

**IT IS SO ORDERED.**